E-FILED
Wednesday, 12 March, 2014  02:16:28 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| TROY A. MEYERS, | ) |
| Plaintiff, | ) |
| v. | ) No.: 13-2264-CSB-DGB |
| DAN WALSH, DR. FATOKI, DR. SHAH, NURSE SUE, and CHAMPAIGN COUNTY, | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

**COLIN S. BRUCE, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff Troy A. Meyers' claims.

**I.
MERIT REVIEW UNDER 28 U.S.C. § 1915(A)**

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed in forma pauperis. The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id*. The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

1

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.,* 669 F.3d 50, 55 (1st Cir. 2012)(holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions). Instead, sufficient facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

## II.
## ANALYSIS

"In order to prevail on a deliberate indifference claim, a plaintiff must show (1) that his condition was 'objectively, sufficiently serious' and (2) that the 'prison officials acted with a sufficiently culpable state of mind." *Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008)(quoting *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005)); *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008)(same). "A medical condition is serious if it 'has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Lee*, 533 F.3d at 509 (quoting *Greeno,* 414 F.3d at 653). "With respect to the culpable state of mind, negligence or even gross negligence is not enough; the conduct must be reckless in the criminal sense." *Id*.; *Farmer v. Brennan*, 511 U.S. 825, 836-37 (1994)("We hold . . . that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the

2

inference could be drawn that a substantial risk of harm exists, and he must also draw the inference.").

In other words,

> [d]eliberate indifference is not medical malpractice; the Eighth Amendment does not codify common law torts. And although deliberate means more than negligent, it is something less than purposeful. The point between these two poles lies where the official knows of and disregards an excessive risk to inmate health or safety or where the official is both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he . . . draw the inference. A jury can infer deliberate indifference on the basis of a physician's treatment decision when the decision is so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment.

*Duckworth*, 532 F.3d at 679 (internal quotations and citations omitted). The Seventh Circuit has cautioned, however, that "[a] prisoner [] need not prove that the prison officials intended, hoped for, or desired the harm that transpired. Nor does a prisoner need to show that he was literally ignored. That the prisoner received some treatment does not foreclose his deliberate indifference claim if the treatment received was so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate his condition." *Arnett*, 658 F.3d at 751 (internal citations and quotations omitted).

The Court finds that Meyers has stated a cause of action against Defendants Dr. Fatoki, Dr. Shah, and Nurse Sue for deliberate indifference to his serious medical need in violation of his Eighth Amendment rights and against Defendant Sheriff Dan Walsh for interfering with his medical treatment in violation of his Eighth Amendment rights. Meyers alleges that, before his arrest, he was involved in a motorcycle accident. This accident caused major injuries to his neck and back. Also before his arrest, Meyers was under the care of Dr. Johnson at the Spine Institute in Urbana, Illinois, who established a treatment and therapy regimen for him. After his arrest,

Meyers alleges that Dr. Shah and Nurse Sue discontinued all treatment and medications for his injuries.

On October 1, 2013, Meyers was taken to the Spine Institute for an examination after he fell. During this examination, Dr. Johnson allegedly told Meyers that Dr. Shah and Dr. Fatoki were providing him with improper treatment. In fact, Meyers alleges that the medication that Drs. Shah and Fatoki were providing to him could be fatal.

Thereafter, Meyers alleges that Sheriff Dan Walsh took charge of his medical treatment and directed that the medical staff stop providing Meyers with his medication. According to Meyers, Walsh also took steps to prevent him from receiving the medical procedures and therapy that he needs and that have previously been prescribed.

The Court finds that these allegations are sufficient to state a cause of action against Dr. Fatoki, Dr. Shah, and Nurse Sue for deliberate indifference to his serious medical need in violation of his Eighth Amendment rights and against Sheriff Walsh for interfering with his medical treatment. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).

On the other hand, the Court finds that Meyers has failed to state a cause of action against Champaign County. "To establish municipal liability [under § 1983 and *Monell*], a plaintiff must show the existence of an official policy or other governmental custom that not only causes but is the moving force behind the deprivation of constitutional rights." *Teesdale v. City of Chicago,* 690 F.3d 829, 833 (7th Cir. 2012)(internal quotation omitted). Meyers has not alleged any policy, practice, or procedure that would subject the Champaign County to liability under § 1983. Accordingly, Champaign County is dismissed as a party Defendant.

**IT IS, THEREFORE, ORDERED that:**

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a claim under the Eighth Amendment against Defendants Dr. Fatoki, Dr. Shah, and Nurse Sue for deliberate indifference to a serious medical need and against Dan Walsh for interfering with Plaintiff's treatment in violation of his Eighth Amendment rights. This case proceeds solely on the claims identified in this paragraph. Any additional claim(s) shall not be included in the case except at the Court's discretion on a motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. The Court finds that Plaintiff's Complaint against Champaign County fails to state a cause of action upon which relief can be granted, and therefore, Champaign County is dismissed as a party Defendant.

3. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

4. The Court will attempt service on Defendants by mailing him a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed an Answer or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5. If a Defendant no longer works at the address provided by Plaintiff, the entity for whom Defendant worked while at that address shall provide to the Clerk said Defendant's

current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6. Defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

7. Once counsel has appeared for Defendants, Plaintiff need not send copies of his filings to Defendants or to Defendants' counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8. Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO: 1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; 2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE**

**ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES; AND 3) DISMISS CHAMPAIGN COUNY AS A PARTY DEFENDANT.**

**LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARHSAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).**

Entered this 12th day of March 2014.

_____/s Colin S. Bruce_____
COLIN S. BRUCE
UNITED STATES DISTRICT JUDGE